O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2252 AHM (AJWx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | SPIRO KAMAR, *et al.* v. RADIO SHACK CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Court rules on the parties' evidentiary objections to evidence submitted for class certification as follows.

## A.   Defendant's Objections

The Court sustains Defendants' objections to Plaintiffs' declaration testimony concerning claims other than reporting time pay and split shift premiums, since that testimony is not relevant to the issues facing class certification. The Court notes that the objection applies equally to the nineteen store manager declarations submitted by Defendant, as those declarations dealt with the entire range of claims and defenses in this action, not just the issues relevant to class certification.

The Court overrules the objections to Plaintiffs' declarants' statements regarding their employment at times prior to the March 1, 2003. All of the declarants were employees during the class period. The fact that they were also employed for some time prior to the class period does not affect the admissibility of their testimony concerning their experience.

For lack of foundation, the Court sustains Defendant's objection to paragraphs 16-17 and 25 of James Mitchell's declaration (pp. 5-6), paragraphs 19-20 and 26 of Terald Smith's declaration (pp. 7-10).

The Court overrules objections to paragraph 21 of Terald Smith's declaration and paragraph 6 of Eric Velasco's declaration. As RadioShack admits, subsequent

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2252 AHM (AJWx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | SPIRO KAMAR, *et al.* v. RADIO SHACK CORPORATION, *et al.* | | |

inconsistent deposition testimony does not render the prior declaration inadmissible.

The Court sustains the objection to paragraphs 4-19 of the Declaration of Andre Jardini and paragraphs 33-37 of the Declaration of Hilary M. Silvia, regarding counsels' summaries of the deposition testimony of Tom Schultz and interview with Vesna Cannarella. Counsel has provided more reliable evidence in the form of Cannarella's sworn declaration and the certified transcript of the Schultz deposition.

RadioShack's objection to the Declaration of Joevanny Solorio on the grounds it was not submitted with the opening motion papers is overruled. RadioShack does not claim it was prejudiced by Plaintiffs' submission of this declaration with their reply papers. Its objections to paragraphs 20-21 and 32-33 are overruled, but its objection to paragraph 22 is sustained.

The Court overrules the objection to the Declaration of Joseph Greenwood.

**B.      Plaintiffs' Objection to RadioShack's 19 Declarations of Current and Former Store Managers.**

The Court overrules Plaintiffs' objection to these declarations. Plaintiffs contend that these declarations are the product of RadioShack's deliberate attempt to circumvent this Court's July 30, 2007 ruling ordering the random selection of test class members. However, the Court never intimated that the testimony of the five randomly selected would be exclusively determinative of the common class issues and never excluded Defendant from introducing contrary evidence. The purpose of the July 30, 2007 ruling was to give Plaintiffs access to test class members for class discovery purposes.

Plaintiffs also seek exclusion of the 19 employee declarations as a Rule 37(c) sanction for RadioShack's failure to reveal the names of these employees as a part of its initial Rule 26(A)(1)(a) disclosure. It objects to the fact that three days before its opposition to class certification was due, RadioShack provided another list of Rule 26 disclosures containing the 19 names. This contention also lacks merit. RadioShack was not obligated as a part of its Rule 26(a)(1)(A) initial disclosures to produce, as Plaintiffs requested, "a list, by name and address, of all employees of RadioShack." (Pls.' Objection at 3.) The fact that RadioShack identified a number of store managers to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2252 AHM (AJWx) | Date | October 8, 2008 |
|---|---|---|---|
| Title | SPIRO KAMAR, *et al.* v. RADIO SHACK CORPORATION, *et al.* | | |

provide affidavits in opposition to class certification reflects nothing sinister about its prior nondisclosure of these store managers' names.  Moreover, Plaintiffs complain that they have not yet deposed the store managers, but do not indicate how they are prejudiced in the resolution of this motion, given that most of their declaration testimony that is relevant to the issue of commonality is actually corroborated by Plaintiffs' declarants.

_____ : _____

Initials of Preparer    smo