O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-02252 AHM (AJWx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | SPIRO KAMAR, et al. v. RADIOSHACK CORPORATION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    Before the Court is Defendant RadioShack Corporation's Motion for Reconsideration of the Court's Interpretation of California's Reporting Time Pay Regulation. Defendant argues that *Aleman v. AirTouch Cellular*, 134 Cal.Rptr.3d 643 (2011) ("*Aleman I*"), a decision by the California Court of Appeal, Second District, constitutes an intervening change in law that warrants reconsideration of the order that this Court issued on December 20, 2011. In *Aleman I*, the Court of Appeal held, *inter alia*, that employees who attend meetings scheduled at least four days in advance are not entitled to reporting time pay unless the "employee is not furnished with half of his or her scheduled day's work." *Id.* at 653. One day before *Aleman I* was issued, this Court held, based on a substantially similar set of facts, that employees *are* entitled to reporting time pay when they attend meetings on days they are not otherwise required to work, even if the meetings are "scheduled" in advance. (Dkt. 114, p. 7.)

    It appears that this Court's ruling is in direct conflict with the Court of Appeal's ruling in *Aleman I*. Since Defendant filed this motion, however, *Aleman I* has been depublished. *See Aleman v. AirTouch Cellular*, 139 Cal.Rptr.3d 2 (2012) ("*Aleman II*"). Both parties in *Aleman I* filed a petition for review with the California Supreme Court. The California Supreme Court denied the plaintiff's petition for review on the reporting time pay issue but granted the defendant's petition for review on the Court of Appeal's other holdings. *Aleman II*, 139 Cal.Rptr.3d at 2 . Because petition for review was granted for one party, the Court of Appeal's decision in *Aleman I* has since been automatically depublished. *See* Cal.Rules of Court, Rule 8.1105(e).

    Under California Rules of Court, absent certain exceptions, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-02252 AHM (AJWx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | SPIRO KAMAR, et al. v. RADIOSHACK CORPORATION, et al. | | |

publication or ordered published must not be cited or relied on by a court or a party in any other action." *See* Cal.Rules of Court, Rule 8.1115(a). Because a depublished case does not constitute intervening new authority, the Court DENIES Defendant's motion for reconsideration.[1]

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] Dkt. 117.