André E. Jardini, Bar No. 71335
aej@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Plaintiffs
SPIRO KAMAR, JAMES MITCHELL, ARIANN
PARTIDA, TERRAL JAMES SMITH,
JOEVANNY SOLORIO and ERIC VELASCO,
individuals, on behalf of themselves and all others
similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIRO KAMAR, JAMES MITCHELL, ARIANN PARTIDA, TERRAL JAMES SMITH, JOEVANNY SOLORIO and ERIC VELASCO, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RADIO SHACK CORPORATION, TANDY CORPORATION AND DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | NO.   CV07-02252 SJO (AJWx) <br><br> Date:          October 21, 2013 <br> Time:                    10:00 a.m. <br> Ctrm:                              1 <br><br> Judge:      The Hon. S. James Otero <br><br> NOTICE RE OBJECTION TO CLASS ACTION SETTLEMENT |

PLEASE TAKE NOTICE that counsel for Plaintiffs have received the attached objection to the proposed Settlement. On December 7, 2012, notice was mailed to 9,179 class members. Notice was also posted on a settlement class website at http://www.kamarclassactionsettlement.com/. Pursuant to the notice, class members were required to submit objections by certified mail to class counsel and

////

////

////

KNAPP,
PETERSEN
& CLARKE

-1-

1804317.1  08000/00835

defense counsel by September 3. 2013.  As of the date of filing, only one objection has been received, which is attached hereto as exhibit A.

Dated:  September 9, 2013          KNAPP, PETERSEN & CLARKE


By: /s/ André E. Jardini
    André E. Jardini
    Attorneys for Plaintiffs
    SPIRO KAMAR, JAMES
    MITCHELL, ARIANN PARTIDA,
    TERRAL JAMES SMITH,
    JOEVANNY SOLORIO and ERIC
    VELASCO, individuals, on behalf
    of themselves and all others
    similarly situated

KNAPP,
PETERSEN
& CLARKE

-2-

1804317.1   08000/00835

# EXHIBIT A

August 7, 2013

Class Counsel:
Andre Jardini, Esq.
Knapp, Petersen & Clarke
550 North Brand Blvd, Suite 1500
Glendale, CA 91203

Defense Counsel:
Andrew M. Paley, Esq.
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067

Re: Kamar, et al. v. Radioshack Notice of Proposed Class Action Settlement

To Whom It May Concern:

I am writing to voice my objection to the terms of the Proposed Class Action Settlement filed May 21, 2013 for the case of Kamar, et al. v. Radioshack, CV07-02252 SJO (AJWx).

My name: Antonio Boatner, Jr.
Address on file: 942 West 64th Street, Los Angeles, CA 90044
Current address (PLEASE NOTE CHANGE OF ADDRESS): 3191 West 7th Street, Apt 428, Los Angeles, CA 90005
Telephone number: 323-845-5020

Job Title: Team Member
Radioshack Location: Valley Plaza Mall at 2701 Ming Ave., Bakersfield, CA 93304
Dates employed: Fall 2003-2005

As articulated below, I believe that the terms of this proposed settlement are unacceptable and urge Class Counsel and the Court to reject the Defendant's settlement offer.

1. Defendants flagrantly violated clearly established workers rights.

As Class Counsel so aptly articulates, Radioshack forced employees, including myself, to attend unscheduled store meetings on our days off, but deliberately refused to pay us proper wages as required by law. The California legislature and the Industrial Welfare Commission (IWC) saw fit to require employers to compensate their workers for "reporting time pay" and "split shift premiums" since at least 1998. In the context of the challenges faced by employees to hold employers accountable for such unlawful practices, the actions of Radioshack are all the more disturbing. Radioshack, with full knowledge of the law and the vulnerable position of their employees, engaged in a systemic practice to deny myself and my fellow employees the wages to which we were entitled. This sort of behavior not only deprived us the wages to which we were entitled, but also injured us by forcing us into the position of risking our jobs if we spoke up and demanded what we were owed. Radioshack knew that employees would be unlikely to speak out

3

and engaged in these practices precisely because they knew that it would be difficult for us to hold them accountable. This is exactly the reason why we have wage and hour laws, since the law cannot rely on employers to do the right thing and employees are often intimidated by their employers, and therefore do not assert our rights.

2. The Proposed Settlement does not fully compensate me for the violation of my rights and the wages for which I was entitled.

The injuries me and my fellow employees have suffered are far more than just the wages to which we were denied. Wage theft makes it so we must take on additional jobs, work longer hours, use public benefits such as food stamps, and, considering that Radioshack stole our days off without compensation, kept us from spending precious time with our families and friends without proper payment. As mentioned above, Radioshack capitalized on the disproportionate bargaining power and the vulnerability of its workers, forcing us into the oppressive position of having to choose between asserting our workers rights and losing our jobs. This fear and sacrificing of our rights took a toll on us that cannot be remedied by merely compensating for our lost wages.

3. The Proposed Settlement is insufficient to deter Radioshack from engaging in future activities of this nature.

Considering the fact that Radioshack knew full well of their obligations to pay us according to the law, and so flagrantly took advantage of our vulnerabilities, it is essential that any settlement deter further conduct of this sort. $325,000 is insufficient to deter this conduct, since the low number will just be absorbed as a "necessary business expense" and Radioshack can, and will, likely engage in these practices in the future. While it is good to be compensated for the wages of which we were deprived, this lawsuit is more than just about us as victims of Radioshack's practices, and involves the rights of future employees of Radioshack who will be forced to suffer the same degradation, theft, and abuse if Radioshack is not sufficiently hit in their pocketbook. I implore Class Counsel to reevaluate whether this modest settlement is sufficient to do so.

Additionally, one of the most troubling aspects of this settlement is the fact that Radioshack is able to avoid admission of guilt. This sort of evading of responsibility is unacceptable and does not allow us as employees to have our rights vindicated, since Radioshack will be free to act like their actions were appropriate and legal. While I recognize that such settlement terms are commonplace, the only way employers will be sufficiently deterred from exploiting their employees in this way is to hold them accountable in a public manner that exposes their abuses for all to see. It is disturbing that Radioshack will be able to avoid taking responsibility for their actions and will be able to continue to portray themselves as an employer that respects the rights of their employees. I strongly urge Class Counsel and the Court to reject Radioshack's efforts to sweep their abuses under the rug.

I plan on attending the court hearing on October 21, 2013 at 10am.

Sincerely,

Antonio Boatner, Jr.

4

Antonio Boatner, Jr.
3191 West 7th St #428
Los Angeles CA 90005

7012 3460 0002 5103 7698



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™



7012 3460 0002 5103 7698



U.S. POSTAGE
PAID
LOS ANGELES, CA
90020
AUG 14, '13
AMOUNT
$3.56
00010647-06

UNITED STATES
POSTAL SERVICE

1000    91203    FOREVER USA

Andre Jardini, Esq.
Knapp, Peterson + Clark
550 North Brand, Suite 1500
Glendale  CA  91203

91203194899